**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:10CV92-02-V**
**(3:06CR84-V)**

| | |
|---|---|
| **HAISSAME NASHAR,** ) | |
|     **Petitioner,** ) | |
| ) | |
|     v. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
|     **Respondent.** ) | |
| _____) | |

**THIS MATTER** comes before the Court on Petitioner's "Habeas Petition Under 28 U.S.C. § 2255," filed March 1, 2010[1] (document # 1). For the reasons stated herein, the subject Petition must be dismissed as time-barred.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On June 16, 2006, Petitioner filed a waiver of his right to proceed by an indictment (Case No. 3:06CR84-1, document # 7). On that date, a Superseding Information was filed, charging Petitioner with conspiring to obstruct, delay and affect interstate commerce by means of extortion, all in violation of 18 U.S.C. § 1951(a) (a "Hobbs Act" extortion) (Count One); and he was charged

---

[1] Ordinarily, the Court construes such collateral petitions as having been filed on the date which the petitioners' certifications show that they placed them in their prisons' mailing systems for posting to the Court -- which dates always are earlier than the dates on which the petitions are received at the Court. See Houston v. Lack, 487 U.S. 266 (1988) (announcing the "mail box" rule). However, the current Petition contains no such certification, therefore, it cannot be construed as having been filed any earlier than the date on which it actually was received. This distinction, however, is not material because, as the Court will explain in its analysis, the Petitioner filed this action more than a year after the applicable filing deadline expired.

with possessing a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count Two) (Id., document # 4).

Also on June 16, 2006, the parties filed an Amended Plea Agreement by which Petitioner agreed to plead guilty to both charges in the Indictment. (Id., document # 5). The Plea Agreement stipulates that Petitioner's adjusted Offense Level was 27, and his Criminal History Category was III with a corresponding range of 87 to 108 months imprisonment. (Id.). The parties further agreed, pursuant to Fed.R.Crim.P. 11(c)(1)(C), to make a binding recommendation that Petitioner receive an 87-month sentence. (Id.). The agreement also contains a clause by which Petitioner waived his right directly and/or collaterally to attack his convictions and sentence on any grounds, except ineffective assistance of counsel and prosecutorial misconduct. (Id.).

Later on June 16, 2006, Petitioner appeared before the Court for a Plea and Rule 11 Hearing. During that proceeding, the Court placed Petitioner under oath and engaged him in its standard, lengthy colloquy to ensure that his guilty pleas were being tendered intelligently and voluntarily. (Id., document # 9). After considering Petitioner's answers to all of its questions, the Court determined that his pleas were properly made; therefore, the Court accepted Petitioner's guilty pleas. (Id.).

On May 7, 2007, the Court held Petitioner's Factual Basis

and Sentencing Hearing.  The Court adopted the calculations from Petitioner's Pre-Sentence Report, which calculations were consistent with the stipulations in his Plea Agreement.  (Id., document # 13).  After hearing from counsel for the parties, the Court sentenced Petitioner to the recommended term of 87 months imprisonment.  (Id., document # 12).  The Court's Judgment was filed on May 15, 2007.  (Id.).  Petitioner did not directly appeal his case.

Instead, after the passage of more than two years, Petitioner now has returned to this Court on the instant Habeas Petition, where he first alleges that his attorneys were ineffective for having inadequately investigated Petitioner's former employee, Rosa Montes, before retaining her as a private investigator for his case, and for failing to inform the Court that while working as Petitioner's private investigator, Montes was informing on him to the Government (document # 1 at 14).  Second, Petitioner alleges that his guilty plea was invalid because it was tainted by Montes' sabotage of his defense.  (Id.).  Last, Petitioner alleges that the prosecutor engaged in misconduct by using Montes as an informant against him, even though the Government knew that she also was working as an investigator for the defense. (Id.). Notwithstanding his assertion to the contrary, however, Petitioner's Habeas Petition is subject to summary dismissal as time-barred.

3

## II. **ANALYSIS**

At the outset of its analysis, this Court notes that Rule 4(b) of the Rules Governing Section 2255 Proceedings directs sentencing courts promptly to examine motions to vacate in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to relief, a court must dismiss the motion.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (hereafter, the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. The amendment provides:

A 1-year period of limitation applies to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

4

28 U.S.C. § 2255(f)(1)-(4).

As the Court previously noted, Petitioner's convictions and sentence were imposed by a Judgment filed May 15, 2007, and he did not seek direct review for his case.  Consequently, Petitioner's case became final ten business days after entry of the Court's Judgment, i.e., on May 30, 2007.  Fed. R. App. P. 4(b)(1)(A)(I)and (6) (providing that for federal defendants, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket); and Fed.R.Crim.P. 45(a) (providing that intermediate Saturdays, Sundays and legal holidays are excluded from computation if the period is less than 11 days.).  Therefore, in the absence of any intervening circumstances, pursuant to the AEDPA, Petitioner had up to and including May 30, 2008, in which to file the instant Habeas Petition.  Petitioner did not file his Motion by that date.

Nevertheless, Petitioner has attempted to articulate a basis for the Court to construe his Petition as timely filed.[2] Specifically, Petitioner explains:

---

[2] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). Hill concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the court must warn the petitioner that the case is subject to dismissal . . . absent a sufficient explanation." However, because Petitioner clearly was aware of his obligation to establish the timeliness of his Petition, and he attempted to do so, even using the correct statutory reference for his argument, the Court finds that no further notice or opportunity for a response is required for Petitioner.

5

> Movant's records were sealed by the District
> Court on June 21, 2006 (See the Exhibit 3,
> page 3). The [C]ourt unsealed these docu-
> ments on March 13, 2009 (See Exhibit, docket
> Entry 17). Upon Movant's request, some of
> Movant's records and documents were mailed to
> Movant by his counsel Mr. Fialko on October
> 20, 200[9]. See Exhibit 1, Mr. Fialko's
> cover letter mailing the documents to the
> Movant.
>
> These records included a statement of Ms.
> Rosa Montes to the Government investigators,
> which is the subject of focus, newly dis-
> covered evidence and main basis of this
> petition. Ms. Montes was hired as the pri-
> vate investigator for Movant by his defense
> counsel. Ms. Montes' statements to Govern-
> ment agents was not available to Movant until
> October 20, 200[9]. See Exhibit 4, Ms.
> Montes' statement to Government Agents.
>
> As per Section 28 U.S.C. § 2255(f)
>
>> A 1 year period of limitation shall
>> apply to a motion under this sec-
>> tion. The limitation period shall
>> run from the latest of –
>>
>> (4) the date on which facts sup-
>> porting the claim or claims pre-
>> sented could have been discovered
>> through the exercise of due dili-
>> gence.
>
> . . .
>
> Since the Petitioner could not have
> discovered Ms. Montes' statement to the
> Government agents until the documents were
> unsealed by the [C]ourts, and were mailed to
> the Petitioner by his counsel, and the
> Petitioner <u>has</u> obtained it as soon as he
> could have, Petitioner submits, this [C]ourt
> has jurisdiction . . . under <u>McClesky</u> and
> U.S.C. § 2255(f)(4).

(document # 1 at 2-4). Petitioner's explanation, however, is

6

inadequate to establish the timeliness of his Petition.

The Court is unaware of any decisions from the Fourth Circuit Court of Appeals providing an extensive analysis of the "due diligence" language used in the AEDPA. However, the Court's research has disclosed cases from other circuits which are helpful in this regard. First, it must be remembered that:

> section 2255(4) is not a tolling provision that extends the length of the available filing time by excluding certain periods that post-date the start of the limitations clock from the calculation of how much time has run. Rather, it resets the limitations period's beginning date, moving it from the time when the conviction became final, see § 2255(1), to the later date on which the particular claim accrued. . . .

Wims v. United States, 225 F.3d 186, 190 (2$^d$ Cir. 2000).

Second, "the beginning of the one-year period is triggered by a date that is not necessarily related to a petitioner's actual efforts or actual discovery of the relevant facts." Aron v. United States, 291 F.3d 708, 711 (11th Cir. 2002). Rather, "[t]he relevant inquiry should focus on when the factual predicate of a claim could have been discovered, as opposed to the date on which the petitioner has in his possession evidence to support his claim." Gonzalez-Ramos v. United States, 2007 WL 1288634 *7 (S.D.N.Y. May 2, 2007) (unpublished); Wims, 225 F.3d at 190 ("[t]he proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed.").

7

Third, it must be understood that section 2255(f)(4) "does not require the maximum feasible diligence, only due or reasonable diligence." Gonzalez-Ramos, 2007 WL 1288634 at 7. In other words, due diligence "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option.'" Anjulo-Lopez v. United States, 541 F.3d 814, 818 (8th Cir. 2008) (quoting Aron, 291 F.3d at 712). However, "it does at least require that a prisoner make reasonable efforts to discover the facts supporting his claims." Anjulo-Lopez, 541 F.3d at 818.

Turning back to the record, the Court finds that the only documents which were sealed in the criminal case were Petitioner's Superseding Bill of Information (Case 3:06CR84, document # 4); his Amended Plea Agreement (Id., document # 5); and "Defendant's Factual Resume" which set forth certain stipulations in support of his guilty pleas (Id., document # 6). Although these documents were not unsealed until March 13, 2009, the Court can discern no reason why Petitioner would have needed them unsealed in order to formulate the claims raised in this Petition. Indeed, the subject documents contain information of which Petitioner, undoubtedly, already was aware. Moreover, to the extent that Petitioner is relying upon the timing of the unsealing of these documents to establish the timeliness of this Petition, his failure to explain how he believes the documents relate to his claims is revealing. Furthermore, while it was the

8

Government who actually asked the Court to unseal the documents, there is nothing in either the Court's record or the instant Petition which shows that Petitioner could not have sooner gotten the documents unsealed had he wanted to investigate them for a potential habeas petition.

Moreover, a careful reading of Petitioner's Affidavit tends to show that the unsealing of the documents was not the impetus for his claims, but merely the event which prompted him to request file documents from one of his attorneys. And, upon securing those documents, Petitioner then discovered what he believes to be the basis for his claims. Quite notably, Petitioner does not assert he previously requested the documents from counsel, but was unable to obtain them.

Equally critically, Petitioner admits that he became aware that his attorneys hired Ms. Montes as an investigator for him at or around the time of his arrest in December 2005 (see Petitioner's Affidavit in support of Habeas Petition, document # 1-2 at 1); and that the Government's report of its 2004 interview with Motes -- to which he points as proof that she was working with prosecutors -- was acquired by the defense during the pre-trial phase through the Government's open file policy. (Id., document # 1 at 4). As such, the Court has no reason to conclude that Petitioner could not have reviewed that file within the one-year period after his case became final had he chosen to do so. In

9

fact, the Court has no reason to conclude that Petitioner would not have been able to discover the subject information in counsels' file while his case was pending had he attempted to do so.

Therefore, the Court cannot excuse Petitioner's inattention to his collateral rights, particularly when the clear policy of § 2255 requires promptness. Instead, the Court must conclude that Petitioner did not exercise due diligence in this case, and that had he exercised such diligence, he could have discovered the factual predicate(s) for his claims well within one year of the date that his convictions and sentence became final. See Johnson v. United States, 544 U.S. 295, 311 (2005) ("since there is every reason to believe that prompt action would have produced [the facts on which the claim for relief is based] well over a year before [the petitioner] filed his § 2255 petition, the fourth paragraph of § 2255 is unavailable. . . ."). Ultimately, then, there is no reason to calculate Petitioner's one-year limitations period as running from either the date on which the documents were unsealed (March 13, 2009), or the date on which Petitioner reportedly obtained the subject documents (October 20, 2009) that his attorney had in his possession since the pre-trial phase of Petitioner's criminal case.

Similarly, it is quite clear that Petitioner's delay in filing this Petition was caused by his lack of diligence in pursuing his collateral rights, not due to any impediment which the

Government created.  Moreover, Petitioner's claims do not relate to an intervening, retroactively applicable change in the law. Therefore, Petitioner has failed to provide a statutory basis for construing his filing deadline as having commenced at any time later than the May 30, 2007 date which this Court has identified.

Furthermore, Petitioner's explanation also fails to establish that his case is one of those "rare instances" in which it would be unconscionable for this Court to enforce the limitations period against him.  Therefore, the time during which Petitioner delayed bringing this Petition cannot be equitably tolled.  See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc)(discussing the requirements for equitable tolling) United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004) (same); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000) (same); and Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) ("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."); see also Rash v. United States, 2007 WL 1983852 *3 (N.D. W.Va. April 3, 2007) (unpublished) (finding that it is not unconscionable to deny equitable tolling for a petitioner who timely could have discovered the factual predicate for his claim had he earlier requested documents from the Court.).

Finally, the Court also is aware of the Fourth Circuit's

11

decision in <u>Bilal v. North Carolina</u>, 287 Fed. App'x 241 (4th Cir. July 18, 2008) (unpublished), in which the Fourth Circuit, specifically limiting its holding to the facts of that case, concluded that this Court's <u>sua sponte</u> dismissal of a <u>habeas</u> petition was premature. However, this case is distinguishable from <u>Bilal</u>.

In <u>Bilal</u>, the petitioner used the standard § 2254 form to present his claims to the Court. <u>Id</u>. at 242. In response to a question on that form which requires an explanation when a petition is filed more than one year after the date the judgment became final, Bilal simply wrote "N/A," thereby reflecting his confusion about either the question or about his status under the AEDPA. <u>Id</u> at 243. In addition, <u>Bilal</u> involved a petition which was brought approximately thirty days after the expiration of the filing deadline. <u>Id</u>. 248.

In contrast, this Petitioner, using the relevant statute, has fully attempted to explain why he believes his Petition should be deemed timely filed. Such explanation, however, simply is inadequate to excuse his delay. Furthermore, the instant Petition is made under § 2255; therefore, this Court has access to Petitioner's entire criminal file. Such access has allowed the Court to conduct a thorough review which, ultimately, has established the untimeliness of the Petition. Last, unlike in <u>Bilal</u>, this Petition was filed more than a full year after the

12

expiration of the otherwise applicable limitations period. In sum, therefore, the undersigned finds that dismissal of the subject Habeas Petition for untimeliness is warranted.

## III. CONCLUSION

The AEDPA requires, among other things, that petitioners who seek to challenge their convictions and/or sentences under 28 U.S.C. §2255 must do so within the time limitations prescribed by that statute. Here, Petitioner has failed to meet that requirement, and he has failed to establish any other basis for construing his Petition as timely filed. Accordingly, Petitioner's Habeas Petition shall be dismissed as time-barred.

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant Habeas Petition under 28 U.S.C. § 2255 is **DISMISSED** as untimely filed.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a)of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003)(in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong) (citing Slack v. McDaniel, 529 U.S. 473, 483-84 (2000)).

**SO ORDERED.**

Signed: March 12, 2010

Richard L. Voorhees
United States District Judge