# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:10cv92-02-V
# (3:06cr84-V)

| | |
|---|---|
| HAISSAME NASHAR, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA,)<br>)<br>Respondent. )<br>_____) | **ORDER** |

**THIS MATTER** comes before the Court on Petitioner's Reconsideration Motion (Doc. No. 4).

The record reflects that on June 21, 2006, Petitioner appeared before the Court with his two attorneys and, in accordance with the terms of his Amended Plea Agreement, pled guilty to violations of 18 U.S.C. § 1951(a) and 18 U.S.C. 922(g)(1). (Criminal Case No. 3:06cr84-1, Doc. No. 10). On May 7, 2007, the Court conducted a Factual Basis and Sentencing hearing during which it adopted the calculations in Petitioner's Pre-Sentence Report and sentenced him to 87 months imprisonment. (Id., Doc. No. 13). The Court's Judgment was filed on May 15, 2007. (Id., Doc. No. 12). Petitioner did not directly appeal his case.

On March 10, 2010, Petitioner filed a motion to vacate under 28 U.S.C. § 2255,[1] asserting that he was subjected to ineffective assistance of counsel by his attorneys' failure to adequately investigate Rosa Montes, a former employee of Petitioner's, before hiring her as a private investigator for the defense, and for their failure to inform the Court that while working

---

[1] Petitioner captioned his motion to vacate as a "Habeas Petition Under 28 U.S.C. § 2255." (Doc. No. 1).

as Petitioner's private investigator, Montes also was informing on Petitioner to the Government. (Doc. No. 1 at 8). Petitioner also claimed that his guilty plea was invalid because it was tainted by Montes' sabotage of his defense; and that the prosecutor engaged in misconduct by using Montes as an informant against him when the prosecutor knew that Montes also was working as an investigator for the defense. (Id. at 9-14).

Having recognized that his motion to vacate could have been rejected as time-barred for his failure to file it within one year of May 15, 2007 – the date on which the Judgment imposing Petitioner's conviction was entered, Petitioner included an explanation of why he believed the motion should have been construed as timely filed. Petitioner's explanation asserted that:

> Movant's records were sealed by the District Court on June 21, 2006 (See the Exhibit 3, page 3). The [C]ourt unsealed these documents on March 13, 2009 (See Exhibit, docket Entry 17). Upon Movant's request, some of Movant's records and documents were mailed to Movant by his counsel Mr. Fialko on October 20, 200[9]. See Exhibit 1, Mr. Fialko's cover letter mailing the documents to the Movant.
>
> These records included a statement of Ms. Rosa Montes to the Government investigators, which is the subject of focus, newly discovered evidence and main basis of this petition. Ms. Montes was hired as the private investigator for Movant by his defense counsel. Ms. Montes' statements to Government agents was not available to Movant until October 20, 200[9]. See Exhibit 4, Ms. Montes' statement to Government Agents.
>
> As per Section 28 U.S.C. § 2255(f)
>
>> A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>>
>> (4) the date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> . . .

> Since the Petitioner could not have discovered Ms. Montes'
> statement to the Government agents until the documents were
> unsealed by the [C]ourts, and were mailed to the Petitioner by his
> counsel, and the Petitioner has obtained it as soon as he could
> have, Petitioner submits, this [C]ourt has jurisdiction . . . under
> McClesky and U.S.C. § 2255(f)(4).

(Doc. No. 1 at 2-4). However, after considering the record along with Petitioner's explanation, the Court concluded that his motion to vacate was time-barred because he had failed to set forth a statutory basis to support a favorable calculation of his limitations period, and he had failed to set forth a basis for equitably tolling the period of his delay. (Doc. No. 2 at 13).

More specifically, the Court determined that the one-year limitations period imposed under the AEDPA began to run on May 30, 2007, and it fully expired on May 30, 2008. (Id. at 5). The Court further found that Petitioner's attempt to establish the timeliness of his motion under 28 U.S.C. § 2255(f)(4) was unavailing. First, the Court noted that to the extent Petitioner was relying upon the recently unsealed documents to which he pointed -- his Superseding Bill of Information, his Amended Plea Agreement and the Resume of his factual basis to which he stipulated -- such documents did not contain any information of which Petitioner already would not have been aware. (Id. at 8). Nor did those documents contain any information that was necessary for Petitioner's formulation of the claims raised in his motion to vacate. (Id.).

The Court also found that to the extent Petitioner was claiming that the unsealing of those documents was the event which set in motion his discovery of the bases for his claims, his explanation still was deficient. That is, the Court noted Petitioner's acknowledgment that his attorneys had acquired the discovery materials containing Montes' statement during the course of his case, and found that Petitioner had failed to establish any reason why he could not have reviewed that information prior to the expiration of his one-year deadline. (Id. at 9). Indeed, the

3

Court specifically noted that Petitioner was not claiming that he previously had tried to obtain the discovery materials from his attorneys but had been unable to do so. (Id.). Therefore, the Court concluded that Petitioner had failed to establish that a duly diligent person in his circumstances could not have sooner discovered the factual predicate for his claims. Wims v. United States, 225 F.2d 186, 190 (2d Cir. 2000). (Id. at 10).

In addition, the Court determined that Petitioner's explanation did not satisfy either of the other two statutory grounds set forth under 28 U.S.C. § 2255(f)(2)-(3) for calculating the running of his one-year limitations period from a later period. (Id. at 10). Nor did Petitioner even claim that those other provisions were applicable to his case. Furthermore, the Court determined that Petitioner's explanation did not provide evidence of any rare instances in which it would have been unconscionable for the Court to enforce the limitations period against him. (Id. at 10-11).

As a result, the Court found that the beginning of Petitioner's limitations period could not be commenced on any date later than May 30, 2007 and his delay could not be equitably tolled. (Id. at 11). Therefore, the Court dismissed Petitioner's motion to vacate as time-barred. (Id. at 13).

By his so-called Reconsideration Motion brought pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure, Petitioner essentially asks the Court to set aside its earlier Judgment dismissing his case and allow him to proceed with his motion to vacate. (Doc. No. 4). In support of the Motion, Petitioner contends that the Court "overlooked" three important "facts" in concluding that his motion to vacate was time-barred.

The first "fact" that the Court reportedly overlooked is that one of Petitioner's attorneys refused to give him copies of his file but instead permitted Petitioner and his family members to, in the presence of counsel or his secretary, spend one hour reviewing counsel's file on two

4

unspecified occasions. (Id. at 2). Petitioner further claims that Ms. Montes' statements to the Government were not included among the materials which counsel permitted him to review. (Id.).

The second fact that the Court reportedly overlooked is that the same defense attorney also refused a request from Petitioner's civil attorney for the production of certain otherwise unspecified "documents and records, sometime[] in 2006" but permitted the civil attorney to look over the documents with "the explicit instructions for [the civil attorney] not to share with any one; specially [sic] petitioner and his family." (Id. at 2). Petitioner's Reconsideration Motion further advised that he would provide the Court with an affidavit from the civil attorney, presumably to verify this particular "fact." (Id. at 3). However, nearly one year has passed since the time that Petitioner mentioned the affidavit and no such document has been filed.

The third fact that the Court reportedly overlooked is that Petitioner's Plea Agreement contains a provision by which he expressly waived his right to request or receive from any Government department or agency any records pertaining to his case. (Id.). However, Petitioner reports that once his records were unsealed by the Court on March 13, 2009, he surmised, notwithstanding the waiver, that "it would be OK by the court for [him] to have them . . . ." (Id.). Thus, Petitioner reports that it was, in fact, the unsealing of those documents that prompted him to ask his attorney to mail him documents from his file, and that such request led to his discovery of his claims. (Id.).

Rule 52(b) of the Federal Rules of Civil Procedure provides that "[o]n a party's motion filed no later than 28 days after the entry of judgment, the court may amend its findings – or make additional findings – and may amend the judgment accordingly. The motion may accompany a motion for a new trial under Rule 59." A motion for reconsideration pursuant to

Rule 59(e) may be granted: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 420 (4th Cir. 2010)(quoting Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)).

With respect to the first two matters which reportedly were "overlooked," -- Petitioner's attorney's refusals to give him and his civil attorney full access to his file -- the Court notes that those matters were not presented before now. In addition, Petitioner does not explain why he failed to include this information in his motion to vacate. Rather, by raising these additional grounds for the Court to consider, it appears that Petitioner merely is attempting to "raise arguments which could have been raised prior to the issuance of the judgment. . . ." However, "[a] motion under Rule 59(e) is not authorized to enable a party to complete presenting his case after the court has ruled against him." Pac. Ins. Co., 148 F.3d at 403 (internal quotation marks and citation omitted). Therefore, Petitioner cannot obtain any relief on the basis of these two new arguments.

Furthermore, even if it could be said that the Court overlooked the fact that Petitioner's Amended Plea Agreement precluded his ability to secure copies of any documents from his file from a Government department or agency, that oversight would not require the Court to alter its ultimate conclusion that Petitioner had failed to demonstrate that a duly diligent person in his circumstances could not have sooner discovered the factual predicate for his claims. While the subject waiver provision would not have allowed Petitioner to obtain any documents from the Court, the United States Attorney's Office or another Governmental entity, the provision did not prevent him from asking either of his attorneys for documents from his file. Thus, Petitioner has failed to show that a clear error has occurred or that the Court must alter its Judgment in order to

prevent manifest injustice.

Petitioner also is not entitled to relief under the other two grounds for a Rule 59(e) motion. The instant Reconsideration Motion is not based upon an intervening change in controlling law. Likewise, the additional matters that Petitioner now presents to the Court do not constitute "new evidence." In fact, although Petitioner advised the Court that he would file an affidavit from his civil attorney, he has failed to do so. Accordingly, none of the three bases for granting a Rule 59(e) motion are applicable here. Therefore, Petitioner's Reconsideration Motion (Doc. No. 4) is **DENIED**.

**SO ORDERED.**

Signed: March 9, 2011

Richard L. Voorhees
United States District Judge