IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10cv92-02-V
(3:06cr84-V)

| | |
|---|---|
| HAISSAME NASHAR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA,) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Petitioner's Motion for Certificate of Appealability, filed April 8, 2011. (Doc. No. 8).

The record reflects that on May 7, 2007, the Court conducted a Factual Basis and Sentencing hearing during which it adjudged Petitioner guilty of a violation of the Hobbs Act under 18 U.S.C. § 1951(a) and of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and sentenced him to 87 months imprisonment. ( (Criminal Case No. 3:06cr84-1, Doc. No. 13). The Court's Judgment was filed on May 15, 2007. (<u>Id</u>., Doc. No. 12). Petitioner did not directly appeal his case.

On March 10, 2010, Petitioner filed a motion to vacate under 28 U.S.C. § 2255,[1] asserting that he was subjected to ineffective assistance of counsel by his attorneys' failure to adequately investigate Rosa Montes, a former employee of Petitioner's, before hiring her as a private investigator for the defense, and for their failure to inform the Court that while working as Petitioner's private investigator, Montes also was informing on Petitioner to the Government.

---

[1] Petitioner captioned his motion to vacate as a "Habeas Petition Under 28 U.S.C. § 2255." (Doc. No. 1).

(Doc. No. 1 at 8). Petitioner also claimed that his guilty plea was invalid because it was tainted by Montes' sabotage of his defense; and that the prosecutor engaged in misconduct by using Montes as an informant against him when the prosecutor knew that Montes also was working as an investigator for the defense. (Id. at 9-14).

Having recognized that his motion to vacate was subject to dismissal for his failure to file it within one year of May 15, 2007 – the date on which the Judgment imposing Petitioner's conviction was entered, Petitioner's Motion included an explanation concerning why Petitioner believed the motion should have been construed as timely filed. (Doc. No. 1 at 2-4). However, after considering the record along with Petitioner's explanation, the Court concluded by Order dated March 12, 2010, that his motion to vacate was time-barred because he had failed to set forth a statutory basis to support a favorable calculation of his limitations period, and he had failed to set forth a basis for equitably tolling the period of his delay. (Doc. No. 2 at 13).

Thereafter, on March 25, 2010, Petitioner filed a Motion for Reconsideration pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure, essentially asking the Court to set aside its earlier Judgment dismissing his case and to allow him to proceed with his motion to vacate based upon three purported points. (Doc. No. 4). However, by Order dated March 9, 2011, the Court concluded that two of the matters actually were successive claims in that they were not raised in his original § 2255 Motion; and that his third ground failed to show that a clear error has occurred or that the Court must alter its Judgment in order to prevent manifest injustice. (Doc. No. 7). Moreover, the Court determined that the Motion for Reconsideration was not based on an intervening change in controlling law, and the matters that he raised did not constitute "new evidence." (Id.). Therefore, the Court denied that Motion in its entirety. (Id.).

By the instant Motion, Petitioner seeks a certificate of appealability so that he can

2

Case 3:10-cv-00092-RLV   Document 9   Filed 12/21/11   Page 2 of 3

proceed to the Fourth Circuit Court of Appeals in order to challenge this Court's determination that his Motion was time-barred and, in particular, that he failed to exercise due diligence in his discovery of the basis for his claims. However, Petitioner has failed to raise an argument to overcome the Court's earlier determination that a certificate of appealability should not be issued. That is, Petitioner has failed to make a substantial showing that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Therefore, this Motion must be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion for Certificate of Appealability (Doc. No. 8) is **DENIED.**

**SO ORDERED.**

Signed: December 21, 2011

Richard L. Voorhees
United States District Judge

3